CLARENCE E. McMANUS, Judge.
I STATEMENT OF THE CASE
Plaintiff, Louis Boyd, Jr., was the subject of an investigation by the St. Charles Parish Sheriffs Office regarding his involvement in illegal drug activity. As a result of this investigation, a search warrant for Boyd’s residence was obtained by St. Charles Parish detectives. This search warrant was executed and detectives re *1274 covered crack cocaine, drug paraphernalia associated with the distribution of drugs, a driver’s license with Boyd’s name on it, a gun, and bullets. There was also a Ford Ranger truck parked at the residence. Detectives recovered $100.00 in cash from that vehicle. Prior to execution of the search warrant, Boyd was observed leaving the residence in a vehicle. His vehicle was stopped shortly thereafter and a search of his person yielded $2,258.00 in cash. The day before the search warrant was executed, a confidential informant purchased crack cocaine from Boyd using money that had been initialed and photocopied by a St. Charles Parish detective. Two of the twenty dollar bills recovered from Boyd’s person were initialed and had been copied by the detective. Following the execution of the search warrant, Boyd was arrested.
On November 20, 2008, the State of Louisiana filed an Application for Warrant of Seizure for Forfeiture pursuant to LSA-R.S. 40:2603. The State sought seizure of $2,318.00 in cash, crack cocaine, Carisoprodol, a handgun, bullets, a digital scale and a razor blade. On November 24, 2008, Boyd was personally |sserved at the Nelson Coleman Correctional Center with Notice of Pending Forfeiture by Lt. Marlin Shuff of the St. Charles Parish Sheriffs Office. Following receipt of this notice of pending forfeiture, Boyd did not file a claim alleging the property was not subject to seizure.
Thereafter, on February 6, 2009, the State filed an Application for Forfeiture, and attached an affidavit from the assistant district attorney indicating that Boyd had been personally served with the notice of pending forfeiture and more than thirty days had passed without Boyd filing any claims. A Judgment of Forfeiture was rendered on June 22, 2009 and the property was deemed forfeited pursuant to LSA-R.S. 40:2616(A). Boyd did not appeal this judgment.
On September 27, 2010, Boyd filed a Petition to Annul Judgment alleging he was not properly served and had no knowledge of the forfeiture proceedings. On October 8, 2010, the trial court signed Boyd’s petition and order and stated “[tjhis is not a summary proceeding. Once an answer is filed by the State of Louisiana, either party may move to set for trial.”
The State then filed a Motion for Reconsideration of Ex Parte Granting of Annulment of Judgment and Alternative Answer, claiming the trial court’s signature at the end of the petition had the effect of annulling the June 22, 2009 judgment of forfeiture. The State pointed out that the trial court’s signature on Boyd’s petition to annul was below his prayer for relief, which stated “[tjhere be judgment in favor of petitioner, Louis Boyd, Jr., and against the State of Louisiana declaring the judgment rendered on June 22, 2009 Docket No. 68,519 annulled for no appearance and vices of form.” The trial court had added the language concerning either party moving to set the matter for trial once an answer was filed, however, the State was concerned that this still contained a prayer for relief which was signed by the trial court.
LTrial was held on September 16, 2011. The trial court entered judgment in favor of the State of Louisiana on September 23, 2011, dismissing Boyd’s petition to annul the judgment. The trial court found that since Boyd did not make a claim for the seized cash timely after receiving the Notice of Pending Forfeiture, nothing required the State to serve or otherwise notify Boyd of the application for forfeiture. Further, the trial court found that the address Boyd chose to include on his driver’s license, or the address he chose to *1275 register his vehicle, does not preclude him from having another residence. At trial, the trial court accepted the testimony of Lt. Marlin Shuff, who stated that he had substantial facts to show that Boyd resided at an East Easy St. address. The trial court found no fraud or ill practice involved in the State’s obtaining the warrant of seizure for forfeiture or judgment of forfeiture.
Boyd now appeals arguing he was not properly served with notice of the pending forfeiture and that the trial court erred by accepting testimony of the State’s witnesses. For the reasons which follow, we affirm the trial court’s judgment.

DISCUSSION

First, Boyd argues he was not properly served with notice of the forfeiture. In his testimony at trial, Boyd admitted he was served with Notice of Pending Forfeiture on November 24, 2008 and he remembered signing for it. Lt. Shuff also testified that he did in fact serve Boyd with this document at the Nelson Coleman Correctional Center. Boyd’s argument on appeal is that he was not served with notice of the actual forfeiture, thus, his due process rights were violated.
LSA-R.S. 40:2608 governs the commencement of forfeiture proceedings and requires the State to serve the Notice of Pending Forfeiture on the owner of the property. That statute further provides that if an address is known, then service or | ^notice should be made by either personal service or certified mail. LSA-R.S. 40:2610 provides that the owner of the property seized may contest the forfeiture and make a claim that the item should not be subject to seizure within thirty days and no extension of time shall be granted. If no such claim is filed by the claimant, the State may proceed with the forfeiture through default proceedings and no further notice to the claimant is required.
In this case, the State did properly commence forfeiture proceedings by requesting that notice of pending forfeiture be served on Boyd at his home address. A copy of the notice, signed by Boyd is included in the record. Thereafter, Boyd failed to contest the forfeiture or file a claim arguing the property was not subject to seizure. Thus, the trial court correctly concluded that Boyd was properly served with the Notice of Pending Forfeiture, failed to contest the forfeiture, and the State properly proceeded to seize the items with no further notice to Boyd.
Additionally, Boyd argues on appeal that the trial court erred in accepting the testimony of the State’s witness at trial, namely, Lt. Shuff. We have reviewed the transcript and find no error in the trial court’s acceptance of this testimony. Boyd did object to Lt. Shuffs testimony concerning service of the Notice of Pending Forfeiture, however, the trial court overruled this objection finding the testimony to be relevant to this matter. We agree with the trial court and find the testimony to be relevant. Thus, the trial court did not err in allowing Lt. Shuffs testimony.
Accordingly, we affirm the trial court’s judgment in favor of the State of Louisiana, dismissing Boyd’s petition to annul judgment.

AFFIRMED